# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEVIN POWLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0635**  (BOR Appeal No. 2051016)
(Claim No. 2014010769)

**WEST VIRGINIA UNIVERSITY-BOR,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Powley, by Raymond A. Hinerman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University-BOR, by H. Dill Battle III, its attorney, filed a timely response.

The issue on appeal is Mr. Powley's permanent partial disability award and whether it was proper to close the claim for permanent partial disability benefits. On January 15, 2015, the claims administrator granted an award of 0% permanent partial disability and closed the claim for permanent partial disability benefits. The Office of Judges affirmed the decision in its December 28, 2015, Order. The Order was affirmed by the Board of Review on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Powley, a mechanic, injured his lumbar spine on September 17, 2013, when he was changing a bearing on a bus. He was seen in the emergency room on the same day, where he provided a history of L4-L5 back problems, including a burst fracture in the past. Mr. Powley stated he was experiencing extreme pain due to the injury. A CT scan of the lumbar spine showed neuroforaminal narrowing at L4-L5 and L5-S1, which was similar to that seen on a June 16, 2011, myelogram. No acute process was identified. Mr. Powley was diagnosed with lumbar back pain. The claims administrator held the claim compensable for a lumbar sprain/strain.

1

Robert Gerbo, M.D., treated Mr. Powley for the first time on September 24, 2013. He noted Mr. Powley had a history of chronic low back pain since a 2009 work injury and that he had been followed by another physician in that practice. Mr. Powley stated he was injured on September 17, 2013, when he was changing a bearing on a bus. He felt a pop in his back and had immediate pain. Mr. Powley also told Dr. Gerbo that prior to the injury his back had been acting up, so his primary care physician had ordered a lumbar spine MRI. The September 16, 2013, lumbar MRI revealed mild disc bulges at L1-L2 and L2-L3; mild disc bulge with early facet arthropathy, left greater than right, resulting in mild neural foraminal narrowing on the left at L4-L5, and early facet arthropathy with central disc protrusion and a small focus of increased signal suggestive of an annular fissure at L5-S1. Dr. Gerbo noted all of these were degenerative in nature. Dr. Gerbo diagnosed acute, intractable low back pain superimposed upon chronic low back pain.

Another lumbar spine MRI was performed on September 24, 2013. The MRI showed no severe central canal stenosis, cord compression, or compression of cauda equina. There were no changes in relation to the September 16, 2013, lumbar MRI.

Scott Rainey, M.D., performed an independent medical evaluation on December 15, 2014. Dr. Rainey diagnosed lumbar sprain due to the September 17, 2013, work injury. He found that Mr. Powley exhibited pain out of proportion for the motions and tasks asked of him and for his participation in the examination. In Dr. Rainey's opinion, the lumbar sprain was a self-limiting condition that generally resolved in six weeks to three months. Dr. Rainey assessed 0% whole person impairment.

Bruce Guberman, M.D., performed an independent medical evaluation on April 16, 2015. Dr. Guberman noted that prior to September 17, 2013, Mr. Powley injured his low back in April of 2009 and had experienced intermittent low back pain since that time. He re-injured his low back in April of 2011 when he was bending over at work. Dr. Guberman diagnosed chronic post-traumatic strain of the lumbar spine. He assessed 8% impairment due to range of motion abnormalities in the lumbar spine. He apportioned all of the impairment to the September 17, 2013, injury.

D. Kelly Agnew, M.D., performed an independent medical evaluation on September 30, 2015. He found that multilevel degenerative conditions predated the September 17, 2013, injury. Dr. Agnew diagnosed chronic low back pain with degenerative changes on MRI before the work injury. He also diagnosed lumbar sprain/strain, since resolved, and ongoing complaints with overwhelming non-organicity in relation to the September 17, 2013, injury. Dr. Agnew assessed 5% impairment, but apportioned all of the impairment to the pre-existing status of the spine. The degeneration was noted before the work injury and there was no change, progression, or structural damage due to the work injury. Dr. Agnew opined Mr. Powley had 0% impairment as the result of the work injury.

The Office of Judges affirmed the claims administrator's January 15, 2015, decision granting 0% permanent partial disability and closing the claim for permanent partial disability benefits on December 28, 2015. It acknowledged that the claims administrator granted 0% PPD

and closed the claim for permanent partial disability benefits based on the report of Dr. Rainey. The Office of Judges then considered the opinions of Dr. Rainey, Dr. Agnew, and Dr. Guberman in relation to the impairment rating each physician assessed. Dr. Rainey opined that the range of motion testing was invalid due to the difference between the straight leg raise angle and the total of the sacral flexion angle exceeding 15%. Therefore, he had to use Table 75 of the American Medical Association's Guides to the Evaluation of Permanent Impairment (4th ed. 1993) in assessing impairment. He assessed 5% impairment due to pre-existing degenerative changes. He assessed 0% impairment in relation to the work injury. Dr. Agnew assessed 5% impairment due to the pre-existing degenerative changes. Dr. Guberman assessed 8% impairment, of which 7% was for range of motion abnormalities. Dr. Guberman did not attribute any of the impairment to the claimant's pre-existing degenerative condition. The degenerative changes were documented on the lumbar spine MRI performed the day before the work injury. The MRI findings did not change after the injury. The Office of Judges determined Dr. Guberman's opinion was the outlying opinion and was not consistent with the overall evidence presented. Therefore, the Office of Judges relied on the opinions of Dr. Rainey and Dr. Agnew, both of whom opined the claimant had 0% impairment due to the work injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judge's Order on May 20, 2016. After review, we agree with the Office of Judges as affirmed by the Board of Review. Mr. Powley had documented pre-existing lumbar spine problems. He had a lumbar spine MRI the day before the work injury for complaints of low back pain. The MRI revealed degenerative changes, including an annular fissure at L5-S1. Mr. Powley had a prior work-related low back injury in 2009, which required extensive conservative treatment. The claim was held compensable for a lumbar sprain/strain. The degenerative changes were not due to the injury, and therefore are not compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING**:
Justice Menis E. Ketchum

3